## 55091. ADAMS v. TRUST COMPANY BANK et al.

BANKE, Judge.

This action was initiated by Johns-Manville Corporation as plaintiff, with both the appellant, George Adams, and the appellee, Trust Company Bank, being named as defendants. Johns-Manville claimed that it was entitled to approximately $5,000 in receipts from corporate checks which Adams had wrongfully deposited into his personal checking account with Trust Company and which Trust Company had wrongfully accepted without proper endorsement. Realizing its potential liability, Trust Company had previously "seized" the deposits in Adams' account pending a determination of who was actually entitled to them.

Adams cross claimed against Trust Company, asserting that he was entitled both to the $5,000 and to actual and exemplary damages arising from Trust Company's appropriation of the funds in his account. Trust Company interpled the disputed funds into court

and moved for summary judgment on all claims raised by Johns-Manville and by Adams. This appeal is from the grant of that motion.

The dispute over the funds arose when Trust Company discovered that it had allowed Adams to deposit a $36,000 check into his personal checking account although it was made payable not to him but to Johns-Manville Corporation, his employer. Suspecting that Adams might be converting funds belonging to Johns-Manville, Trust Company seized the balance remaining in the account, which at that time was approximately $29,000, and began an investigation. It was subsequently discovered that other checks made payable to Johns-Manville had been deposited into Adams' personal account without proper endorsement.

Upon being advised of this information by the bank, Johns-Manville asked to be provided with access to all of Adams' bank records. Trust Company refused to go that far but did provide the corporation with access to records relating to Adams' deposits of checks on which the corporation was named as a payee.

A meeting was later held between Adams and representatives from both Johns-Manville and Trust Company. At this meeting Johns-Manville agreed that $24,000 of the $29,000 balance which had been in Adams' checking account rightfully belonged to Adams. Accordingly, Trust Company agreed to give him a check for that amount. Both Adams and Johns-Manville claimed to be entitled to the remaining $5,000.

When Adams went to the bank the next day to pick up his $24,000 check, a bank officer apparently asked him to endorse to the bank a second check made payable to him for the remaining $5,000. An altercation developed between the two during which, Adams claims, the officer abused him verbally and assaulted him.

In his cross claim against the bank, Adams alleges: (1) that he is entitled both to the $5,000 and to damages for the wrongful deprivation of his money; (2) that he is entitled to damages for the invasion of his privacy as a result of the bank's action in exhibiting his records to Johns-Manville; and (3) that he is entitled to damages for the abuse which he allegedly received from the bank's

officer.

1. The bank was authorized to remove the funds remaining in Adams' account immediately upon learning that the Johns-Manville check had not been properly endorsed. Although this check was apparently paid by the drawee bank through normal check collection processes, the proceeds remained the property of Johns-Manville; and the bank incurred potential liability to Johns-Manville upon cashing the check without proper endorsement. See *Insurance Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (4) (172 SE2d 632) (1970). Since Adams had acquired no apparent title to the check, the bank acted within its rights in seizing the proceeds from the check until it could determine whether he had converted the funds. Accordingly, Adams has no cause of action against Trust Company for damages for wrongfully withholding his money. Furthermore, since the funds have now either been returned to him or interpled into court, he has no cause of action against Trust Company for the return of the money.

2. The trial court was also correct in granting summary judgment to the bank on the invasion of privacy issue. Copies of checks and deposit slips relating to a checking account are not confidential communications but are instruments of commercial trade which must necessarily be exposed to numerous persons in the ordinary course of business. Therefore, Adams had no reasonable expectation of privacy with respect to the deposits of the Johns-Manville checks, and Trust Company owed him no duty to refrain from disclosing the checks and deposit records to Johns-Manville. Accord, United States v. Miller, 425 U. S. 435 (96 SC 1619, 48 LE2d 71) (1976).

3. "It is recognized as a basis for a cause of action in this State when an invitee on the premises of another for the purpose of transacting business is made the brunt of opprobrious, insulting and abusive words by a clerk employed to deal with the customer-invitee and which tend to humiliate, mortify, and wound the feelings of the customer. [Cits.]" *Zayre of Atlanta, Inc. v. Sharpton,* 110 Ga. App. 587, 588 (139 SE2d 339) (1964). On the basis of this principle, Adams' allegations regarding the conduct

of the bank's officer towards him were sufficient to set forth a cause of action and to withstand a motion for summary judgment. See generally *Planters Cotton-Oil Co. v. Baker,* 181 Ga. 161 (181 SE 671) (1935); 20 EGL 428-431, Master & Servant, § 32. Accordingly, it was error to grant summary judgment to Trust Company on this issue.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED APRIL 20, 1978.

*Charles H. Wills,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner, E. Michael Masinter, King & Spalding, Charles H. Tisdale, Jr., A. Felton Jenkins,* for appellees.