## 56478. FRIEDLAND PROPERTIES, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.

BANKE, Judge.

The appellant, Friedland Properties, Inc., sued the appellee, Citizens & Southern National Bank (C & S), alleging that C & S had wrongfully seized, or "frozen," the deposits in Friedland's corporate checking account. This appeal is from an order granting summary judgment to C & S and denying summary judgment to Friedland.

On July 18, 1974, C & S accepted from Friedland for deposit in its account a check for $286,000, drawn by the Cherokee Insurance Company on the First American National Bank, Nashville, Tennessee. The check was made payable to several parties and bore the purported endorsement of each of them. On January 19, 1975, C & S received a telephone call from an official of the Federal Reserve Bank of Atlanta (through which the check had been collected) informing it that one of the endorsements on the checks had possibly been forged and that a "potential lawsuit" was in the making as a result. In response, C & S froze Friedland's account, which at that time contained less than $10,000. Litigation was subsequently initiated in United States District Court in Nashville, Tennessee, which has resulted in a ruling that the endorsement was in fact forged and which may ultimately result in a recovery against C & S by the

drawer, Cherokee Insurance Company, for the amount of the check. *Held:*

Where a bank accepts a check for collection, credits the customer's account with the proceeds of that check, and later learns that the check was not properly endorsed so as to transfer valid title to it, the bank may seize whatever proceeds from the check remain in the account pending a determination of its actual liability for accepting and collecting the instrument. See *Adams v. Trust Co. Bank,* 145 Ga. App. 702 (1) (244 SE2d 651) (1978).

*First Nat. Bank of Gainesville v. Appalachian Industries, Inc.,* 146 Ga. App. 630 (247 SE2d 422) (1978) is not authority for a contrary result. Division 4 of that opinion holds that a bank may set off a depositor's unmatured obligations to the bank against his deposits where so authorized by express agreement. Friedland correctly interprets this to mean that the bank has no right to take such action in the absence of an express agreement. However, in the case before us there was no setoff. Friedland's deposits were merely frozen pending a determination of the bank's liability for collecting a forged check, the proceeds of which went into Friedland's account.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED NOVEMBER 28, 1978.

*Martin L. Fierman,* for appellant.

*Alston, Miller & Gaines, John L. Douglas, Peter Kontio,* for appellee.