### 60736. CULPEPPER v. THE STATE.

BANKE, Judge.

The appellant and the co-defendant, an employee of the City of Hartwell, Georgia, were indicted on 72 counts of theft by taking. After a joint trial, appellant was convicted on 57 counts while his co-defendant was acquitted on all counts. The state's evidence showed that appellant presented invoices from three non-existent chemical companies to the co-defendant and received payment for chemical products which were never received by the city.

Appellant's principal enumeration of error concerns the admission of incriminating bank records over his motion to suppress. The records pertained to the bank accounts of both defendants and were obtained through a court order issued by a superior court judge based on evidence supplied under oath to him by an officer of the Georgia Bureau of Investigation. *Held:*

1. The banking records in question are the property of the banks involved; and release of the records by the banks violates no constitutionally protected interest of appellant. See United States v. Miller, 425 U. S. 435 (96 SC 1619, 48 LE2d 71) (1976); accord, *Adams v. Trust Co. Bank,* 145 Ga. App. 702 (2) (244 SE2d 651) (1978). This enumeration of error is without merit.

2. Next enumerated as error is the trial court's denial of appellant's motion to sever. Code Ann. § 27-2101 provides that "when indicted for a capital felony when the death penalty is waived or for a felony less than capital, or for a misdemeanor, defendants may be tried jointly or separately in the discretion of the trial court; in any event either defendant may testify for the other or on behalf of the state. . ." The court's ruling on a motion to sever will be overturned only for an abuse of discretion. See *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). The following are some of the considerations for use by the trial court in exercising its discretion which have emerged from the cases considering motions to sever. "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the

defenses of the defendants antagonistic to each other or to each other's rights? [Cit.] If the defendant can show the court by some facts that failure to sever will prejudice him under one or more of these considerations, his motions should probably be granted." *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). However, the appellant must do more than merely raise the possibility that his chance for acquittal would be improved in a separate trial. See Tillman v. United States, 406 F2d 930 (5th Cir. 1969). This the appellant has failed to do. Both appellant and his co-defendant testified, and both denied any wrongdoing. Appellant's counsel thoroughly cross examined the co-defendant. Their defenses were not antagonistic, nor is it suggested that the additional criteria mentioned in *Cain v. State,* supra, were present. This enumeration of error is without merit.

3. Appellant next enumerates as error the trial court's denial of his motion for mistrial, wherein he alleged that the state had impermissibly placed his character in evidence. The testimony complained of was to the effect that the appellant lived with the witness' sister. Even assuming *arguendo* that this statement could be construed as impugning the appellant's character, we find no error. The statement was unresponsive to the question posed by the state's attorney, the trial court promptly instructed the jury to disregard it, and there was no further request for instructions or renewal of the motion for mistrial. See *Burce v. State,* 146 Ga. App. 383 (246 SE2d 412) (1978).

4. Finally, appellant urges that the trial court erred in denying his motions for a directed verdict and new trial. After a careful review of the evidence, we find that the evidence was more than sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED OCTOBER 8, 1980 — DECIDED OCTOBER 22, 1980 — REHEARING DENIED NOVEMBER 6, 1980 —

*Andrew J. Hill, Jr., Margaret N. Dyal,* for appellant.
*J. Cleve Miller, District Attorney, Lindsey A. Tice, Jr., Assistant District Attorney, Tony H. Hight,* for appellee.