65529. TRAYLOR et al. v. THE STATE.

DEEN, Presiding Judge.
Appellants were arrested on two charges of burglary stemming from two incidents that had occurred in Rochelle, Ga., on the same night. Footprints leading from the burglary scenes were found to correspond to footprints in the yard of a friend of appellant Gibson's. The friend told the sheriff, and later so testified, that he had given Gibson a ride to his father's home in the early morning following the occurrence of the burglaries. The sheriff went to the father's house to inquire as to Gibson's whereabouts and was greeted in the front yard by the father, who subsequently testified that he had not objected to the sheriff's presence there. While talking with the father the sheriff saw in the unenclosed carport a pair of tennis shoes conforming to the footprints. After the father had identified them as his son's, the

sheriff removed the shoes from the premises. Appellant Traylor was implicated when a paper bearing his name was found in the abandoned truck identified as that in which two male perpetrators had been seen fleeing the scene of the second burglary. Stolen items were found in the mobile home recently rented by appellant Gibson.

Appellants were jointly indicted and tried, and a Wilcox County jury found both guilty as charged. Both received fifteen-year sentences on each count, and both have appealed from this judgment. Appellant Gibson enumerates as error the denial of his motion to suppress the tennis shoes as evidence. Appellant Traylor enumerates as error the trial court's denial of his motions to quash the indictment and to try himself and his co-defendant separately. *Held:*

1. Appellant Gibson contends that the sheriff should have obtained either a search warrant or the consent of his father before removing the tennis shoes from the premises. The state contends that the tennis shoes were lying in the carport in plain view of anyone standing in the front yard, and that since the father made no objection either to the sheriff's entering the yard or to his removing the shoes, his acquiescence constituted consent. The state further argues that, since appellant was in the process of moving his belongings from his father's house to quarters of his own and had in fact slept at his father's house no more than three nights out of the immediately preceding seven, he no longer resided there and therefore had no expectation of privacy on those premises.

We find that the trial court did not err in denying the motion to suppress and in admitting the shoes in evidence. Contrary to appellant's contention, the testimony of his father indicates tacit consent to the sheriff's actions. There is no indication in the record that the sheriff's questions or actions were coercive or that the actions of appellant's father were involuntary. See *Williams v. State,* 151 Ga. App. 833 (261 SE2d 720) (1979). We further find that appellant could not reasonably expect privacy in an unenclosed portion of a building where he would be more accurately classified as a frequent visitor than as a resident. Rawlings v. Kentucky, 448 U. S. 98 (100 SC 2556, 65 LE2d 633) (1980). The motion to suppress was properly denied.

2. The basis for appellant Traylor's motion to quash was two-pronged. The first prong was that his girl friend, on whose statement the sheriff had based much of his testimony before the grand jury, had lied. The second was that matters taking place before the grand jury were improperly raised at the hearing on the motion. The state contended that these assignments of error were immaterial because the motion to quash was not filed in a timely manner, OCGA § 17-7-111 (Code Ann. § 27-1501), and that even if it had been timely, the allegation of insufficiency of evidence could not be entertained by

the trial court.

A motion to quash is classified as a general rather than a special demurrer to an indictment. *State v. Eubanks,* 239 Ga. 483 (238 SE2d 38) (1977); *Dillard v. State,* 147 Ga. App. 587 (249 SE2d 640) (1978); *Woods v. State,* 10 Ga. App. 476 (73 SE 608) (1911). "A general demurrer challenges the very validity of the indictment and may be raised [at] anytime."[1] *State v. Eubanks,* supra at 485. "In contrast, a special demurrer is waived if not raised before pleading to the merits of the indictment." Id. at 486. In the instant case, therefore, the motion to quash was not untimely.

Even though the motion was timely, however, the court below properly denied it. It is the settled rule in Georgia that where "a competent witness or witnesses were sworn and examined before the grand jury by whom the indictment was preferred, . . . no inquiry into the sufficiency or legality of the evidence is indulged. The sufficiency of the evidence introduced before the grand jury is a question for determination by the grand jury, and not by the court." *Summers v. State,* 63 Ga. App. 445 (11 SE2d 409) (1940); *Welch v. State,* 130 Ga. App. 18 (202 SE2d 223) (1973). This court cannot properly consider the first prong of this enumeration, and the second is moot. The enumeration is without merit.

3. Appellant Traylor's enumeration regarding the trial court's denial of his motion to sever is likewise without merit. Separate trials for co-indictees is a matter within the court's discretion, and the decision will not be overturned unless there is abuse of discretion. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). Criteria for assisting the court in considering motions to sever are set forth in *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), at 129: "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?" *Culpepper v. State,* 156 Ga. App. 331 (274 SE2d 616) (1980). The court affirmatively stated that it had considered these criteria and had found that none of them would preclude denial of the motion to sever. Moreover, there was no showing that prejudice amounting to denial of due process would ensue to appellant Traylor from the court's denial of the motion. The burden is on the appellant

---

[1] The court notes that a contrary result was reached in *Bramblett v. State,* 139 Ga. App. 745 (229 SE2d 484) (1976), which is not expressly overruled by *Eubanks* or *Dillard.*

to show the likelihood of such prejudice. *Cain v. State,* supra at 129. Absent such showing, we find that the court below did not err. *Murphy v. State,* 246 Ga. 626, 629 (273 SE2d 2) (1980); *Carroll v. State,* 147 Ga. App. 332 (248 SE2d 702) (1978).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 27, 1983.

*A. Frank Grimsley,* for appellants.
*Gary C. Christy, District Attorney,* for appellee.

*Judgment affirmed. Banke and Carley, JJ., concur.*