## 46383. GLADSON v. THE STATE.
## 46384. POWELL v. THE STATE.
### (376 SE2d 362)

WELTNER, Justice.

Misdemeanor accusations were lodged against Laura Joanna Gladson and James Lee Powell, charging that they were persons required by OCGA § 19-7-5 to report child abuse; that they had reasonable cause to believe that two children under the age of 18 had been assaulted sexually; and that they knowingly and wilfully failed to report such abuse to an appropriate agency providing protective services.[1]

Gladson filed a general demurrer and a motion to dismiss the accusation; Powell filed a plea in abatement and a motion to dismiss the accusation.[2] The primary thrust of these defenses is that, under the due process requirements of both the Georgia Constitution and the Constitution of the United States, the statute is unconstitutional on the grounds of vagueness, in that it failed to identify with reasonable clarity those persons required to report incidents of child abuse.[3]

Gladson, a counselor at the firm of Affiliated Counseling & Psychological Services, was told by the mother of two children, ages ten and twelve, that their stepfather had abused them sexually. Gladson was not a licensed psychologist, although she held a doctoral degree in human development from an accredited university. Gladson's counseling activities were supervised by Powell, a licensed psychologist, to whom she reported the alleged child abuse. Powell, in turn, related these circumstances to Dr. Mauger, who was a licensed psychologist and was the head of the firm. The alleged child abuse was *not* reported to a child welfare agency providing protective services.

1. While the statute may lack clarity in defining some of the clas-

---

[1] Each accusation was in two counts, charging Gladson and Powell with failing to report sexual abuse of two children allegedly committed by their stepfather and reported by their mother to Gladson, an employee of Affiliated Counseling & Psychological Services.

[2] Under the authority of *Allen v. State*, 110 Ga. App. 56 (137 SE2d 711) (1964), and *Traylor v. State*, 165 Ga. App. 226 (299 SE2d 911) (1983), the trial court allowed an evidentiary hearing in connection with these pleadings. While we remain doubtful that these authorities would sanction such a hearing, the state did not object, and participated fully in the hearing. Hence, we will consider the testimony from this hearing.

[3] OCGA § 19-7-5, before it was amended by Ga. L. 1988, p. 1624, provided the following persons or classes of persons "having reasonable cause to believe" that a child under the age of 18 had been subjected to child abuse, including sexual abuse, were required to report such abuse to a child welfare agency providing protective services. This obligation included: "Any physician, including any doctor of medicine licensed to practice under Chapter 34 of Title 43, licensed osteopathic physician, intern, resident, all other hospital or medical personnel, dentist, psychologist, podiatrist, nursing personnel, social work personnel, schoolteachers and school administrators, school guidance counselors, child-care personnel, day-care personnel, or law enforcement personnel. . . ." The 1988 amendment added "child service personnel" to this enumeration.

ses of persons who are required to make reports of child abuse, OCGA § 43-39-7, together with common usage, provides an adequate definition of the term "psychologist."[4] We import its definition into the term "psychologist" as contained in the criminal statute, and interpret its scope to include only *licensed* psychologists.

2. Because Gladson is not a licensed psychologist, she cannot be held criminally liable for failure to report the alleged child abuse.

3. Powell, on the other hand, is a licensed psychologist, and may be held criminally liable for failure to so report, assuming the existence of the other elements of the offense.

4. The remainder of the statute, OCGA § 19-7-5, as presently drawn, invites serious constitutional inquiry as to its adequacy in defining classes of persons who are required to make reports of child abuse. However, any such shortcoming is unavailing to Powell. See *Gouge v. City of Snellville*, 249 Ga. 91, 93-94 (287 SE2d 539) (1982):

In this case, even if the outermost boundaries of the applicable section of the ordinance may be imprecise in certain situations . . . we need not make that determination as [defendant's] conduct clearly falls within the "hardcore" of the ordinance's prescriptions, and one to whose conduct a statute clearly applies may not challenge it on the basis that it may be unconstitutionally vague when applied to others. [Cit.]

*Judgment affirmed in Case No. 46384, and reversed in Case No. 46383. All the Justices concur.*

DECIDED FEBRUARY 17, 1989.

*Alston & Bird, Robert D. McCallum, Jr., Robert P. Riordan, G. Conley Ingram*, for appellant (case no. 46383).

*Hartley, Puls & O'Connor, Alton G. Hartley*, for appellant (case no. 46384).

*Patrick Head, Solicitor, Melodie H. Clayton, Assistant Solicitor*,

---

[4] OCGA § 43-39-7 provides in part as follows: "If any person shall hold himself or herself out to the public as being engaged in the practice of psychology and shall not then possess in full force and virtue a valid license to practice psychology under the laws of this state, that person shall be deemed to be practicing psychology without complying with this chapter and in violation thereof. Nothing in this chapter shall be construed to limit the activities and services of a person in the employ of or serving for an established and recognized religious organization or an established and recognized social welfare agency, or the use of psychological techniques by organizations engaged in business, commerce, or industry or by persons within their salaried employ, provided that the title 'psychologist' is not used by a person not licensed and that the professional practice of psychology is not implied by a person not licensed under this chapter."