A11A2416. HATCHER v. THE STATE.
(726 SE2d 117)

BLACKWELL, Judge.

After law enforcement officials found child pornography on his personal computer, Edward Hatcher was convicted of sexual exploitation of a child[1] and sentenced to a term of imprisonment under the mandatory minimum sentencing provisions of OCGA § 17-10-6.2. Hatcher appeals, contending that the court below erred when it

---

[1] See OCGA § 16-12-100.

denied his motion to suppress information obtained from an Internet service provider and when it concluded that it was without discretion to depart downward from the mandatory minimum sentence. We find no error in the denial of his motion to suppress, but we vacate his sentence and remand for reconsideration in light of *Hedden v. State*, 288 Ga. 871 (708 SE2d 287) (2011).

1. We turn first to the motion to suppress. When an appeal is taken from the denial of a motion to suppress, we owe no deference to the way in which the court below resolved questions of law, *Barrett v. State*, 289 Ga. 197, 200 (1) (709 SE2d 816) (2011), but we accept its factual findings unless clearly erroneous, and we view the evidence in the light most favorable to the decision of the court below. *Culpepper v. State*, 312 Ga. App. 115, 115-116 (717 SE2d 698) (2011). So viewed, the evidence in this case shows that an investigator with the Cherokee County Sheriff's Office learned that someone was using a computer in Cherokee County to share child pornography on the Internet. The investigator ascertained that the Internet Protocol (IP) address used by the child pornographer was assigned to a customer of Comcast Cable Communications, an Internet service provider, and the investigator asked Comcast to provide certain information about the account of that customer.[2] Comcast did so, disclosing the name of the customer and her billing address, which was a residential address in Cherokee County.

The investigator obtained a warrant to search the residence at the billing address for certain evidence of child pornography, including any computers or electronic data storage devices that he might find there. When the investigator went to the home, he confirmed that it was occupied by a family that subscribed to Comcast Internet service.[3] The investigator learned that the family used a wireless router to access the Internet, and he also discovered that Hatcher lived in the basement of the home and used the same wireless router.[4] The investigator interviewed Hatcher, and another officer examined his computer and found files that appeared to contain child pornography. A subsequent forensic examination of the computer revealed numerous files containing child pornography.

Before trial, Hatcher moved the court below to suppress the

---

[2] To request this information from Comcast, the investigator obtained a warrant to search the records of Comcast for the information, and he sent a copy of the warrant by facsimile to the offices of the Comcast Legal Department in New Jersey.

[3] The family at the home and the customer previously identified by Comcast have the same surname.

[4] Hatcher apparently had lived in the basement of the family's home for about two months. The record does not reveal the relationship, if any, between Hatcher and the family or whether he was a renter or guest in their home.

customer information that the investigator obtained from Comcast,[5] but the court denied his motion. On appeal, Hatcher argues that the request for information amounted to an unreasonable search in violation of the Fourth Amendment. We disagree. When one contends that he was aggrieved by an unreasonable search and seeks to suppress evidence obtained as a result of the search, he must show, among other things, that an agent of the government either trespassed upon his property, see *United States v. Jones*, ___ U. S. ___ (II) (A) (132 SC 945, 181 LE2d 911) (2012), or invaded some other place or thing in which he has a reasonable expectation of privacy. See *Bond v. United States*, 529 U. S. 334, 337-339 (120 SC 1462, 146 LE2d 365) (2000). Here, Hatcher cannot seriously claim that a request for information from Comcast was a trespass upon his property, so we consider whether he has a reasonable expectation of privacy in the information disclosed by Comcast.

The United States Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."[6] *Smith v. Maryland*, 442 U. S. 735, 743-744 (II) (B) (99 SC 2577, 61 LE2d 220) (1979) (no reasonable expectation of privacy in telephone numbers dialed and voluntarily conveyed to telephone company); see also *United States v. Miller*, 425 U. S. 435, 442 (II) (96 SC 1619, 48 LE2d 71) (1976) (no reasonable expectation of privacy in financial information voluntarily conveyed to financial institution and exposed to its employees in ordinary course of business). Consistent with this principle, numerous federal courts have concluded that an Internet service customer has no reasonable expectation of privacy in the subscriber information that he gives voluntarily to his Internet service provider.[7] See, e.g., *United States v. Beckett*, 369 Fed. Appx. 52, 56 (II) (A) (1) (11th Cir. 2010) ("[S]uppression under the Fourth Amendment was not required because [the subscriber] did not have a reasonable expec-

---

[5] Hatcher also moved to suppress any evidence obtained by use of that information, which includes, of course, the evidence later found on his computer.

[6] The Georgia appellate courts likewise have held consistently that one has no reasonable expectation of privacy in information voluntarily conveyed to another and maintained in the business records of another. See, e.g., *Kesler v. State*, 249 Ga. 462, 469 (5) (291 SE2d 497) (1982) (telephone toll and billing records are business records of telephone company, and defendant lacks standing to object to their production by telephone company); *Culpepper v. State*, 156 Ga. App. 331, 331 (1) (274 SE2d 616) (1980) (bank customer has no reasonable expectation of privacy in his bank records).

[7] In this case, we are dealing only with customer information voluntarily disclosed to an Internet service provider to obtain Internet service. We do not address whether a customer or user of Internet service has a reasonable expectation of privacy in the content of electronic mail and other electronic communications that he transmits across the Internet. See *Rehberg v. Paulk*, 611 F3d 828, 842-847 (III) (C) (11th Cir. 2010) (acknowledging difficulties in assessing reasonable expectation of privacy in content of electronic communications).

tation of privacy with regards to the information transmitted."); *United States v. Christie*, 624 F3d 558, 573-574 (II) (C) (3rd Cir. 2010) (no reasonable expectation of privacy in IP address or subscriber information because such information is voluntarily conveyed to third parties); *United States v. Bynum*, 604 F3d 161, 164 (II) (A) (4th Cir. 2010) (no reasonable expectation of privacy in Internet service subscription information because it is voluntarily conveyed to third parties); *United States v. Perrine*, 518 F3d 1196, 1204 (I) (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation."); *Guest v. Leis*, 255 F3d 325, 336 (II) (C) (3) (6th Cir. 2001) ("[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person — the system operator."). In light of these decisions, we doubt that an internet service subscriber can have a reasonable expectation of privacy in the subscriber information that he voluntarily conveys to an Internet service provider in order to obtain Internet service.

But we need not decide that question definitively in this case because Hatcher is not the subscriber whose information was requested from Comcast. Instead, he simply used the Internet service subscription of another to access the Internet, and the record tells us nothing about his relationship with the subscriber, except that he apparently had lived for two months in her basement. Even if a subscriber might have a reasonable expectation of privacy in her own account information, we do not understand how anyone else could have a reasonable expectation of privacy in it, especially in the absence of some special relationship between that person and the subscriber. For this reason, we conclude that Hatcher failed to establish a reasonable expectation of privacy in the information requested from Comcast, and the court below did not err when it denied his motion to suppress.

2. We now consider the sentencing issue. The court below sentenced Hatcher under the mandatory minimum sentencing provisions of OCGA § 17-10-6.2, and it concluded that it was without discretion to consider a downward departure from the mandatory minimum under OCGA § 17-10-6.2 (c) (1), a conclusion that Hatcher contends was erroneous. Recently, in *Hedden*, 288 Ga. at 873-876, our Supreme Court addressed whether a sentencing court has discretion in a child pornography case to consider a downward departure, and the State concedes that *Hedden* applies here. Consequently, we vacate the sentence imposed in this case, and we remand for the court below to reconsider the question of sentencing in light of *Hedden*.

*Judgment affirmed in part and vacated in part, and case remanded. Barnes, P. J., and Adams, J., concur in Division 2 and in the judgment.*

DECIDED MARCH 15, 2012 — 

*Anthony J. Morgese*, for appellant.

*Garry T. Moss, District Attorney, Cliff Head, Lara A. Snow, Assistant District Attorneys*, for appellee.