**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 29, 2014**

# In the Court of Appeals of Georgia

A14A1159. ENSLEY v. THE STATE.

MCFADDEN, Judge.

Richard Michael Ensley appeals from his convictions on multiple counts of sexual exploitation of children (OCGA § 16-12-100 (b)) in connection with child pornography found on his home computer. He argues that the trial court erred in denying his motion to suppress information about his name and address obtained from his internet service provider, Comcast Cable Communications Holdings, Inc. Because Ensley lacked standing to challenge the acquisition of this subscriber information from Comcast, we affirm.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous."

*Wright v. State*, 294 Ga. 798, 801 (2) (756 SE2d 513) (2014) (citation and punctuation omitted). So viewed, the evidence shows that a detective in the Cherokee County Sheriff's Department obtained from the magistrate court of that county a search warrant directing Comcast to provide subscriber information for a particular IP address. The detective sent a facsimile of the warrant to Comcast's legal department in New Jersey, and several days later Comcast provided information that linked the IP address to Ensley. The detective then obtained a warrant to search Ensley's residence. In the ensuing search of the residence, law enforcement officers seized computers, storage devices, and other electronic devices containing child pornography.

Ensley moved to suppress all evidence obtained as a result of the search warrant sent to Comcast, arguing that the magistrate court lacked jurisdiction to issue that warrant because Comcast's records were located in New Jersey. The trial court denied the motion. Revisiting the issue immediately before trial, the trial court again denied the motion, ruling that Ensley lacked standing to make his challenge.

We find no error. "In order to claim the protections of the Fourth Amendment against unreasonable search and seizure, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his

expectation is reasonable." *Smith v. State*, 284 Ga. 17, 21 (3) (663 SE2d 142) (2008) (citations and punctuation omitted).

Our decision in *Hatcher v. State*, 314 Ga. App. 836, 837-839 (1) (726 SE2d 117) (2012) (physical precedent), is instructive on the issue of whether Ensley had a reasonable expectation of privacy in the internet subscriber account information produced by Comcast. In *Hatcher*, a household resident (who used Internet service in the residence but was not himself the internet service subscriber) sought to suppress subscriber information obtained from Comcast's New Jersey legal department following the issuance of a search warrant issued by a Georgia court. We held that the resident had not shown he had a reasonable expectation of privacy in information about an account for which he was not the subscriber. Id. at 839 (1). But we also expressed "doubt that an internet service subscriber can have a reasonable expectation of privacy in the subscriber information that he voluntarily conveys to an Internet service provider in order to obtain [i]nternet service." Id. We noted that the United States Supreme Court and Georgia appellate courts have held that a person has no reasonable expectation of privacy in information voluntarily conveyed to another. Id. at 838 & n. 6 (1) (citing *Smith v. Maryland*, 442 U. S. 735, 743-744 (II) (B) (99 SCt 2577, 61 LE2d 220) (1979); *United States v. Miller*, 425 U. S. 435, 442 (II) (96

3

SCt 1619, 48 LE2d 71) (1976); *Kesler v. State*, 249 Ga. 462, 469 (5) (291 SE2d 497) (1982); *Culpepper v. State*, 156 Ga. App. 331 (1) (274 SE2d 616) (1980)). And we acknowledged cases from other jurisdictions that applied this principle to conclude that internet service customers had no reasonable expectation of privacy in subscriber information voluntarily given to their Internet service providers. *Hatcher*, 314 Ga. App. at 838 (1) (citing *United States v. Beckett*, 369 Fed. Appx. 52, 56 (II) (A) (1) (11th Cir. 2010); *United States v. Christie*, 624 F3d 558, 573-574 (II) (C) (3d Cir. 2010); *United States v. Bynum*, 604 F3d 161, 164 (II) (A) (4th Cir. 2010); *United States v. Perrine*, 518 F3d 1196, 1204 (I) (10th Cir. 2008); *Guest v. Leis*, 255 F3d 325, 336 (II) (C) (3) (6th Cir. 2001)).

Although our decision in *Hatcher* is not binding precedent, see Court of Appeals Rule 33 (a), we find its analysis and cited authorities persuasive in this case. Ensley voluntarily conveyed to Comcast the subscriber information that Comcast supplied to law enforcement (his identity and address). For the reasons set forth in *Hatcher*, he cannot show that he had a reasonable expectation of privacy in that information, and consequently he lacks standing to pursue his Fourth Amendment challenge to the search of Comcast for that information.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*

4