**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 17, 2017**

# In the Court of Appeals of Georgia

A16A1668. COURTNEY v. THE STATE.                    DO-057

DOYLE, Chief Judge.

Christopher Courtney was charged with sexual exploitation of children by distributing child pornography from his computer.[1] We granted Courtney's application for interlocutory appeal to consider whether the trial court erred by denying his motion to suppress identifying internet subscriber information obtained by police pursuant to an administrative subpoena issued under OCGA § 16-9-108 (a). Because Courtney lacks standing to challenge the search of his internet provider ("IP") for identifying information, we affirm.

---

[1] OCGA § 16-12-100 (b) (1) (5).

"'On appellate review of a ruling on a motion to suppress, the trial court's findings on disputed facts will be upheld unless clearly erroneous, and its application of the law to undisputed facts is subject to de novo review.'"[2]

Here, the relevant facts are undisputed. A detective with the Liberty County Sheriff's Office monitors the internet for child pornography activity. After noticing an increase in activity from a certain IP address, the detective used an "administrative subpoena," issued by the district attorney's office, to obtain identifying information from the IP – CenturyTel/CenturyLink ("Century") – including the physical address associated with the IP address.[3] Once Century provided the physical address, the detective obtained a subpoena from the magistrate court and searched computers at the residence. That search led to Courtney's arrest.

Courtney moved to suppress the information obtained from Century, arguing that the detective's use of an administrative subpoena pursuant to OCGA § 16-9-108

---

[2] *State v. Walker*, 295 Ga. 888, n. 1 (764 SE2d 804) (2014), quoting *Registe v. State*, 292 Ga. 154, 155-156 (734 SE2d 19) (2012).

[3] The subpoena specifically references OCGA §§ 16-9-108, 45-15-10, and 45-15-17. OCGA §§ 45-15-10 and 45-15-70, which grant the Attorney General authority to prosecute and investigate matters involving State affairs, do not apply to this case, which involves an alleged violation of OCGA § 16-12-100 (b) and a subpoena issued by an assistant district attorney, not the Attorney General.

(a), rather than a search warrant or court order pursuant to OCGA § 16-9-109 (b), was illegal because the latter statute provides the exclusive mechanism through which an IP may be compelled to disclose subscriber information. The trial court denied the motion but certified its ruling for immediate review. This application and appeal followed.

Before we can consider Courtney's challenge to the legality of the search of his subscriber information from Century, we must consider whether Courtney has standing to challenge that search. "[D]emonstrating standing is a threshold burden for suppression of the evidence."[4] "In order to claim the protection of the Fourth Amendment against unreasonable search and seizure, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable."[5]

This Court previously has held that an internet service customer has no reasonable expectation of privacy in subscriber information that he voluntarily conveys to an IP, noting "that the United States Supreme Court and Georgia appellate

---

[4] *Hampton v. State*, 295 Ga. 665, 669 (2) (763 SE2d 467) (2014), citing *Rakas v. Illinois*, 439 U. S. 128, 130, n.1 (99 SCt 421, 58 LE2d 387) (1978).

[5] (Punctuation omitted.) *Ensley v. State*, 330 Ga. App. 258 (765 SE2d 374) (2014), quoting *Smith v. State*, 284 Ga. 17, 21 (3) (663 SE2d 142) (2008).

courts have held that a person has no reasonable expectation of privacy in information voluntarily conveyed to another."[6] Accordingly, under *Ensley*, Courtney lacked standing to bring a Fourth Amendment challenge to the search of Century for his subscriber information.

Here, however, Courtney contends that OCGA § 16-9-109 (b) grants him a reasonable expectation of privacy in the information listed therein, including his name and address, because it defines the circumstances under which an IP may be compelled to disclose that information to a law enforcement agency. This argument is without merit because, as explained below, OCGA § 16-9-109 (b) addresses the disclosure obligations of third-party IPs, not individual criminal defendants.

Title 16, Chapter 9, Article 6 is the "Georgia Computer Systems Protection Act" ("the Act").[7] Part 3 of the Act is entitled "Investigation of Violations." OCGA § 16-9-108 (a) provides that in any investigation of certain statutory violations, including the one Courtney is charged with violating – OCGA § 16-12-100 –

> the Attorney General or any district attorney shall have the power to administer oaths; to call any party to testify under oath at such

---

[6] *Ensley*, 330 Ga. App. at 258-259 (collecting cases), citing *Hatcher v. State*, 314 Ga. App. 836, 837-839 (1) (726 SE2d 117) (2012) (physical precedent only).

[7] OCGA § 16-9-90.

investigation; to require the attendance of witnesses and the production of books, records, and papers; and to take the depositions of witnesses. The Attorney General or any such district attorney is authorized to issue a subpoena for any witness or a subpoena to compel the production of any books, records, or papers.

OCGA § 16-9-109, which is more narrow, addresses only disclosures by IPs. Subsection (a) of that Code section provides that law enforcement units and prosecutors may require IPs to disclose the contents of electronic communications if they obtain a search warrant from an appropriate court. Subsection (b) provides that:

(1) Any law enforcement unit [or prosecutor] may require [an IP] to disclose a record or other information pertaining to a subscriber to or customer of such service, exclusive of the contents of communications, only when any law enforcement unit, the Attorney General, or any district attorney: (A) Obtains a search warrant as provided in Article 2 of Chapter 5 of Title 17; (B) Obtains a court order for such disclosure under subsection (c) of this Code section; or (C) Has the consent of the subscriber or customer to such disclosure.

(2) A provider of electronic communication service or remote computing service shall disclose to any law enforcement unit, the Attorney General, or any district attorney the: (A) Name; (B) Address; (C) Local and long distance telephone connection records, or records of session times and durations; (D) Length of service, including the start date, and types of service utilized; (E) Telephone or instrument number or other subscriber

5

number or identity, including any temporarily assigned network address; and (F) Means and source of payment for such service, including any credit card or bank account number of a subscriber to or customer of such service when any law enforcement unit uses a subpoena authorized by Code Section 16-9-108, 35-3-4.1, 5-15-17 or a grand jury or trial subpoena when any law enforcement unit complies with paragraph (1) of this subsection.

Thus, OCGA § 16-9-109 (b) sets forth the process by which a district attorney "may *require* [an IP] . . . to disclose [certain subscriber information]."[8] Nothing in this Code section *prohibits* the IP from disclosing the information to the district attorney, law enforcement, the Attorney General, or for that matter, anyone else. OCGA § 16-9-109 (b) does not grant Courtney a reasonable expectation of privacy in subscriber information he voluntarily conveyed to the IP. Accordingly, he does not have standing to challenge the search, and we affirm the trial court's denial of his motion to suppress.

*Judgment affirmed. Andrews and Ray, JJ., concur.*

---

[8] (Emphasis supplied.)