**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 24, 2018**

# In the Court of Appeals of Georgia

A18A1084. JOHNSON et al. v. CITY OF ATLANTA.

RAY, Judge.

This dispute arises from the efforts of several residents of Fulton County to prevent annexation of their community into the City of Atlanta. The trial court ruled against these residents and permitted the annexation. During the pendency of this appeal, the Supreme Court of Georgia resolved identical legal issues against the City of Atlanta in the case of *City of Atlanta v. Mays*, 301 Ga. 367 (801 SE2d 1) (2017). The City of Atlanta acknowledges that *Mays* controls this case on those issues, but nonetheless requests this Court to vacate and remand rather than reverse the trial court's ruling so that new legal challenges to the incorporation of this community into the City of South Fulton can be litigated in the trial court. We decline to do so and instead reverse the trial court in light of *Mays*.

The facts of this appeal are undisputed. On April 1, 2015, certain residents of a neighborhood in south Fulton County known as Loch Lomond petitioned the City of Atlanta for annexation pursuant to OCGA § 36-36-32. The City of Atlanta verified the petition on April 18, 2016. The City Council of Atlanta adopted an annexation ordinance regarding Loch Lomond on June 6, 2016, and the Mayor of Atlanta signed the ordinance on the same day. The ordinance provided that it was "effective July 1, 2017 for school enrollment purposes and all other purposes in accordance with applicable provisions of Georgia law."[1]

Around the same time as these annexation efforts, legislation was advanced to create a new City of South Fulton. As the Supreme Court explained

> On April 26, 2016, the Governor signed House Bill 514 ("HB 514"), a local act that incorporated the City of South Fulton ("South Fulton"). Section 1.10 of the act says, in part, "The City of South Fulton in Fulton County is incorporated by the enactment of this charter and is constituted and declared a body politic and corporate under the name of 'City of South Fulton.'" Section 1.11 defines the boundaries of South Fulton to "include all unincorporated areas of Fulton County . . . as such exist on July 1, 2016," and explains that "[t]he boundaries of the city are

---

[1] Despite this language, and perhaps relying upon the effective date contained in OCGA § 36-36-2 for municipal annexations, Atlanta contends it started to provide municipal services to Loch Lomond in July 2016.

more particularly described in Appendix A, attached to and made a part of this charter." Appendix A says that South Fulton "shall not include any territory that was annexed into another municipality before July 1, 2016," and it describes all of the areas that are to be a part of South Fulton unless otherwise incorporated.

Section 7.14 of HB 514 provides for a special referendum election to be held on November 8, 2016, for "the purpose of submitting this Act to the qualified voters of the proposed City of South Fulton . . . for approval or rejection." Qualified voters are defined in Section 7.13 as "the qualified electors of Fulton County residing within the corporate limits of the City of South Fulton as described by Section 1.11." Section 7.14 then says, "If more than half of the votes cast on such question are for approval of the Act, it shall become of full force and effect; otherwise, it shall thereafter be void and of no force and effect." However, Section 7.15 (a) says, "Sections 1.10 and 1.11 of this chapter and those provisions of this charter necessary for the special election provided for in Section 7.14 of this charter shall become effective immediately upon this Act's approval by the Governor or upon its becoming law without such approval."

*Mays*, supra at 367-368 (1).

On June 27, 2016, Jewel Johnson, Raphael Ammons, Alice Hamilton, Leroi Stanley, Lillie Echols, Rebecca Kashef, Evelyn Weaver, and Carolyn Wilson (collectively "Loch Lomond Appellants") filed a declaratory judgment petition, which

was later amended, seeking to invalidate Atlanta's annexation of Loch Lommond. The Loch Lomond Appellants claimed that the annexation petition was invalid as it did not comply with Georgia law and that Atlanta's annexation was untimely in light of the effective date of incorporation of the City of South Fulton contained in HB 514. The Loch Lomond Appellants sought an injunction to stop the annexation, which was denied by the trial court.

The petition moved quickly to a bench trial. The Loch Lomond Appellants identified the issues for trial to be the timeliness of the annexation in light of HB 514, the petition's technical compliance with Georgia law, and the petition's timeliness in light of the age of the signatures obtained for it. Atlanta identified the issues for trial as the timeliness of the annexation, the constitutionality of HB 514, and the petition's technical compliance with Georgia law.

Following a bench trial, the trial court denied the Loch Lomond Appellants' petition for declaratory judgment. Specifically, the trial court found that the Loch Lomond annexation was effective on June 6, 2016, when the annexation ordinance was signed by the Mayor, and thus was timely as it preceded the July 1, 2016 date of incorporation of the City of South Fulton contained in HB 514. The trial court further found that construing HB 514 differently would put it in unconstitutional conflict

4

with the law permitting Atlanta to annex contiguous territory.[2] The Loch Lomond Appellants appealed this order.

While the current appeal was pending, the Supreme Court heard an appeal stemming from a declaratory judgment petition brought by residents of different communities in south Fulton County who were also seeking to invalidate annexation into the City of Atlanta. See *Mays*, supra at 368 (1). *Mays* involved the same legal issues concerning the timeliness of the annexation and the constitutionality of HB 514; however, unlike here, the trial court in *Mays* invalidated the annexation. Id. at 369-370 (1).

The referendum on the creation of the City of South Fulton, per HB 514, took place during the pendency of this case, as well as during the pendency of the *Mays* case, and the creation of the new city was approved by the voters. *Mays*, supra at 370 (1). Although the Supreme Court denied a request to expedite the appeal in *Mays*, it did lift the supersedeas, thereby permitting the residents in the communities at issue in that case to vote in the referendum. Id. Here, the parties do not dispute that the residents of Loch Lomond voted in the City of Atlanta elections and, thus, were not

---

[2] Though not relevant to this appeal, the trial court also found no technical defect with the petition.

5

permitted to vote on the referendum or subsequent municipal elections for the newly created City of South Fulton.

Initially, this appeal was docketed in the Supreme Court in light of the challenge to the constitutionality of HB 514. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, following its decision in *Mays*, the Supreme Court determined that it no longer had jurisdiction over this appeal and remanded the case to this Court. See *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) ("where a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional provisions and jurisdiction of the appeal is in the Court of Appeals.") (citation and punctuation omitted).

The Loch Lomond Appellants argue that *Mays* controls this case and requires this Court to reverse the trial court and find the annexation of Loch Lomond into Atlanta invalid.[3] The City of Atlanta acknowledges that the arguments it raised in the trial court concerning the timeliness of the annexation and constitutionality of HB 514 are foreclosed by *Mays*. It nonetheless asks this Court not to reverse the trial

_____

[3] The City of South Fulton filed an amicus brief in which it advocates this position as well.

court and find that Loch Lomond is part of the City of South Fulton, but rather to vacate and remand the trial court's order in light of voting rights issues which now exist due to the inability of Loch Lomond residents to vote on the referendum or in subsequent municipal elections.

The City of Atlanta argues that *Mays* does not demand reversal due to the fact that the residents in *Mays* were permitted to vote in such elections and, thus, no voting rights issues were present there. Perhaps in response to concerns raised regarding the City of Atlanta's standing to litigate the rights of aggrieved voters, Mary Harris, a leading proponent of the annexation effort, filed an amicus brief to request the same disposition so that she may attempt to intervene and raise these concerns for the first time in the trial court on remand.

We express no opinion as to the merits of any voting rights claims the residents of Loch Lomond may have in light of *Mays.* However, we find that the present case is not the appropriate vehicle to litigate those claims. The parties agree, and the trial court record demonstrates, that the only issues litigated below in this case were the timeliness of the annexation, the constitutionality of HB 514, and the compliance of the annexation petition with Georgia law. Moreover, no individual voters sought to intervene before the trial court; thus, any arguments concerning the impact the

disposition of this case could or would have on their voting rights were never advanced.

We find that, in light of *Mays*, no justiciable issue remains here on the legal issues presented to the trial court. Furthermore, we note that this Court has previously rejected an attempt, following disposition of an appeal, to add new legal issues to a case which were beyond the scope of issues submitted to the trial court prior to appeal. See *First Born Church of Living God, Inc. v. Bank of America, N.A.*, 248 Ga. App. 500, 501-502 (546 SE2d 1) (2001). Once an appellate decision "completely disposes of the litigation, the parties are not free to raise new issues to keep the case alive." Id. at 503 (parties not permitted to litigate which faction of church leadership properly controlled the church in an interpleader case concerning the identity of persons allowed to draft checks on the church bank account when the appeal disposed of the sole legal issue that was litigated in the trial court). Here, *Mays* completely disposed of the legal issues raised in this case prior to appeal, and the present case cannot be kept alive so that the City of Atlanta or other non-parties can litigate completely new issues.

The present case is unlike the cases cited by the City of Atlanta where Georgia's appellate courts have permitted remand to allow the trial court in the first

8

instance to address the impact of newly pronounced law. In those cases, the legal issue to be resolved on remand was within the scope of the issues raised by the parties before the trial court, even if the law subsequently changed in a dispositive manner. See e.g. *State v. Abbott*, 303 Ga. 297, 304-305 (812 SE2d 225) (2018) (defendant sought suppression of his custodial statement before the trial court, which was denied, but the case was remanded for the trial court to consider suppression in light of a change in the applicable law); *Clayton County v. City of College Park*, 301 Ga. 653, 656-657 (2) (803 SE2d 63) (2017) (case remanded for consideration of issues which were raised but inadequately briefed to the trial court which were of new import due to the development of the law of sovereign immunity); *Miller v. Parker*, 256 Ga. 276, 276 (348 SE2d 655) (1986) (case remanded to habeas court for issue it previously refused to address but which it was now required to address pursuant to new law); *Stone v. Webb*, 335 Ga. App. 739 (782 SE2d 824) (2016) (dispute over child custody remanded for consideration pursuant to newly pronounced law concerning individuals permitted to share joint custody); *Hatcher v. State*, 314 Ga. App. 836, 839-840 (2) (726 SE2d 117) (2012) (argument for downward sentencing modification was made to and rejected by the trial court prior to a change in the law, so the case was remanded for the trial court to consider in light of the new law).

Because all of the legal issues within the scope of this case were disposed of by *Mays*, we deny the City of Atlanta's request to vacate the trial court's order and remand this case to the trial court and, instead, we reverse.[4]

*Judgment reversed. McFadden, P.J., and Rickman, J., concur.*

---

[4] In light of this disposition we need not address the Loch Lomond Appellants' enumerations concerning the compliance of the annexation petition with Georgia law.