*671 NAHMIAS, Justice,
concurring.
I concur fully in the Court’s opinion. With respect to Division 2, however, I want to make sure that our holding that Hampton lacks statutory standing to seek suppression of the text messages between Brownlee’s phone and the cell phone subscribed to by “Terric White” is not read to suggest that it was appropriate for the police to use a subpoena to obtain that information, to the extent that the information included the contents of the text messages.
Under current constitutional doctrine, the Fourth Amendment’s protections do not encompass records of a person’s stored communications when the police obtain those records from someone else, like the person’s communications provider. See Smith v. Maryland, 442 U. S. 735, 743-744 (99 SCt 2577, 61 LE2d 220) (1979) (“This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.”); Registe v. State, 292 Ga. 154, 156 (734 SE2d 19) (2012). However, federal and Georgia statutory law imposes limits on the authority of law enforcement to demand stored wire and electronic communications information from a communications provider. The statutes generally authorize governmental entities to require providers to disclose the contents of recently stored communications only by means of a properly issued warrant. See OCGA § 16-11-66.1 (a) (“A law enforcement officer, a prosecuting attorney, or the Attorney General may require the disclosure of stored wire or electronic communications, as well as transactional records pertaining thereto, to the extent and under the procedures and conditions provided for by the laws of the United States.”); 18 USC § 2703 (a) (“A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction.” (emphasis added)). A subpoena may be used only to demand transactional records about such a communication, such as the telephone numbers between which it went, the time it occurred, or the names of the subscribers to the phone numbers — information that does not directly reveal the contents of the communications. See 18 USC § 2703 (c) (allowing a governmental entity to use an administrative, grand jury, or trial subpoena, in addition to a warrant or court order, to require the disclosure of “a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications)” (emphasis added)).
*672 Decided September 22, 2014.
Brandon A. Bullard, for appellant.
Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Frances C. Kuo, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.
Stored electronic communications are increasingly a rich source of information for use in criminal investigations and prosecutions, and law enforcement officials are understandably interested in obtaining such information from communications providers. But police and prosecutors should do so in the right way. The distinction between contents and transactional records must not be blurred, and instead needs to be carefully and clearly delineated with regard to demands involving text messages, e-mails, and other types of electronic communications for which the stored information may include both the “envelopes” for the communications (transactional records) and the “letters” (contents) to which that packaging information relates. When defendants have statutory standing to seek suppression, as will often be the case, the State may find itself precluded from admitting important evidence if its officers selected the wrong process to obtain the stored communications information they wanted.